NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALFONSO ORTIZ CRUZ, | No. 19-72177 |
| Petitioner, | Agency No. A205-022-864 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2021[**]

Before: SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Alfonso Ortiz Cruz, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for withholding of

removal and relief under the Convention Against Torture ("CAT"). We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the agency's determination that Ortiz Cruz's past harm did not rise to the level of persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153 (9th Cir. 2005) (persecution is an extreme concept); *see also Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (evidence of threats did not compel the conclusion that petitioner suffered past persecution); *Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009) (petitioner's past experiences, including two beatings, even considered cumulatively, did not compel a finding of past persecution). We reject as unsupported by the record Ortiz Cruz's contentions that the agency erred in its rise to the level determination.

Substantial evidence also supports the agency's determination that Ortiz Cruz did not establish a clear probability of future persecution in Mexico. *See Lanza v. Ashcroft*, 389 F.3d 917, 934-35 (9th Cir. 2004) (no clear probability of future persecution).

In light of this disposition, we need not reach Ortiz Cruz's contentions concerning nexus and cognizability, including whether the IJ made erroneous factual findings, or that the agency applied an incorrect nexus standard. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are

19-72177

not required to decide issues unnecessary to the results they reach). We also need not reach Ortiz Cruz's contention that the BIA erred in failing to make a relocation finding. *Id.*

Thus, Ortiz Cruz's withholding of removal claim fails.

In his counseled opening brief, Ortiz Cruz does not challenge the agency's denial of CAT relief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**